IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>           Plaintiffs,<br><br>   v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-552-SLR |
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.<br><br>           Plaintiffs,<br><br>   v.<br><br>INTELLIPHARMACEUTICS<br>CORPORATION,<br>INTELLIPHARMACEUTICS LTD. and<br>PAR PHARMACEUTICAL, INC.<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-603-SLR |
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>           Plaintiffs,<br><br>   v.<br><br>ACTAVIS SOUTH ATLANTIC LLC,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-679-SLR |
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>           Plaintiffs,<br><br>   v.<br><br>BARR LABORATORIES, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-736-SLR |

## ELAN'S MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42(a), plaintiffs Elan Corporation, plc and Elan Pharma International Ltd. (collectively "Elan") move to consolidate the four above-captioned cases for all purposes, including discovery and a single bench trial, and request a joint Rule 16 Scheduling Conference. As grounds for this motion, Elan states as follows:

1. Between September 14 and November 16, 2007, Elan brought these four actions under the Hatch-Waxman Act, asserting infringement of two Elan patents – United States Patent Nos. 6,228,398 ("the '398 patent") and 6,730,325 ("the '325 patent"). The defendants named in the complaints are: Teva Pharmaceuticals USA, Inc. (C.A. No. 07-552-SLR); IntelliPharmaCeutics Corporation, IntelliPharmaCeutics Ltd., and Par Pharmaceutical, Inc. (C.A. No. 07-603-SLR); Actavis South Atlantic LLC (C.A. No. 07-679-SLR); and Barr Laboratories, Inc. (C.A. No. 07-736-SLR).

2. In each of the four actions, the alleged infringement arises from the filing of an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval to sell a generic version of Focalin® XR, a once-a-day treatment for Attention Deficit Hyperactivity Disorder, prior to expiration of the '398 patent and '325 patents. In each case, Elan alleges infringement under 35 U.S.C. § 271(e)(2)(A).

3. Answers have been filed in three of the four cases (C.A. No. 07-552-SLR (D.I. 9), C.A. No. 07-603-SLR (D.I. 17), C.A. No. 07-679-SLR (D.I. 11)), and a responsive pleading is due in the remaining case by January 9, 2008 (C.A. No. 07-736-SLR (D.I. 6)). The Court has set Rule 16 scheduling conferences in two of the cases – January 9, 2008 in C.A. No. 07-552-SLR (D.I. 11) and January 16, 2008 in C.A. No. 07-603-SLR (D.I. 15).

4. Under Fed. R. Civ. P. 42(a), the Court has broad discretion to consolidate "actions involving a common question of law or fact . . . to avoid unnecessary costs or delay."

*See Syngenta Seeds, Inc. v. Monsanto Co.*, No. 04-908-SLR 2005 U.S. Dist. LEXIS 4651, at *5 (D. Del. Mar. 24, 2005) ("'[A] district court has broad power to consolidate causes for trial as may facilitate the administration of justice.'") (quoting *EllermanLines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)).  When deciding whether to exercise that discretion, this Court "balance[s] considerations of efficiency, expense and fairness." *Id.* at *5. "The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Waste Distillation Tech., Inc. v. Pan Am. Rec., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991).

        5.      Courts have regularly consolidated Hatch-Waxman actions against various defendants where, as here, the cases involve the same patents, same plaintiffs, and same branded drug. *See*, *e.g.*, *Cima Labs, Inc. v. Actavis Group HF*, Nos. 06-1999, 06-1970, 07-893, 2007 U.S. Dist. LEXIS 41516, at *21-22 (D.N.J. June 7, 2007) (consolidating separate Hatch-Waxman actions involving the same two patents, finding that "the issues of infringement and validity will likely be similar" and "consolidation will avoid duplication of efforts by the parties"); *Ortho-McNeil Pharm. v. Kali Labs.*, Nos. 02-5707, 04-0886, 06-3533-DMC, 2007 U.S. Dist. LEXIS 44996, at *16-18 (D.N.J. June 20, 2007) (*sua sponte* consolidating cases involving the same patent, same plaintiff, and same patented drug to address the issues "in an efficient fashion"); *SmithKline Beecham Corporation v. Geneva Pharms.*, No. 99-2926, 2001 U.S. Dist. LEXIS 17434, at *18 (E.D. Pa. Sep. 28, 2001); *see also MedPointe Healthcare, Inc. v. Hi-Tech Pharm. Co.*, No. 03-5550, 2007 U.S. Dist. LEXIS 4652, at *10-11 (D.N.J. Jan. 22, 2007) (consolidation ordered because "common questions of law and fact in plaintiff's separate actions against [separate defendants]" that involved the same patent and same branded drug).

6. The court in *SmithKline* granted the patentees' motion to consolidate for pretrial purposes twelve separate Hatch-Waxman actions involving some of the same patents and the same patented drug, finding "pretrial consolidation [wa]s certainly more efficient than separate duplicative discovery by each defendant."  2001 U.S. Dist. LEXIS 17434 at *21.  The court reasoned (*id*. at *20-21):

> Although the defendants have submitted five separate ANDAs for their generic formulations of the drug, there is substantial overlap among the patents they are alleged to have infringed. Issues of patent validity are therefore common to all defendants whose ANDA implicates a particular patent.

That same reasoning supports consolidation here.

7. There can be no dispute that the four cases pending before this Court have common questions of fact and law.  The two patents-in-suit are the same, the plaintiffs are the same, and the four ANDAs at-issue all seek approval to market generic versions of the same patented drug.  Because the patents at-issue are the same, legal issues relating to both claim construction and validity will overlap.  And both of those issues will be based on the same specification, prosecution histories, prior art and expert testimony.

8. Because of the fundamental similarities among the four cases, a significant portion of discovery will invariably be the same.  Each defendant will likely request the same documents from Elan and seek to depose the same witnesses.  The parties should not be required to undertake the burden and cost of such duplicative discovery.  *Cima*, 2007 U.S. Dist. LEXIS 41516, at *22 (consolidating Hatch-Waxman cases to "avoid duplication of efforts by the parties").

9. Indeed, this Court often consolidates cases to avoid wasteful duplication. *Syngenta*, 2005 U.S. Dist. LEXIS 4651, at *10 (consolidating antitrust and patent infringement actions despite "minimal factual and legal overlap" because it would be "more efficient than

4

managing the cases separately"); *Boehringer Ingelheim Int'l GmbH v. Barr Labs,, Inc.*, No. 05-700-JJF (D. Del. Jan. 31, 2006) (order consolidating two Hatch-Waxman cases, D.I. 33); *In re '318 Patent Infringement Litig.,* No. 05-356-SLR (D. Del. Oct. 20, 2005) (stipulated order consolidating seven Hatch-Waxman actions, D.I. 29); *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. 04-1337-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005); *Waste Distillation*, 775 F. Supp. at 761 ("Consolidation will encourage orderly pretrial discovery, save witness time and expense, avoid duplicitous filings, and eliminate the risk of inconsistent results."); *see also In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) ("[T]he purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort.") (citation omitted).

10.     Consolidation would also result in judicial economy, with no prejudice to any party and no significant delay.  Absent consolidation, however, the Court may have to preside over separate *Markman* proceedings as well as separate bench trials involving many of the same issues and overlapping proofs.  There is no reason to impose such duplication of time and expense on either the Court or the parties.  *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 06-514-GMS, 2007 U.S. Dist. LEXIS 73198, at *9 (D. Del. Sept. 30, 2007) (holding "judicial resources likely will be conserved by consolidating" two cases involving separate but related patents); *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1310 (D. Del. 1981) ("There is little logic in forcing the Court to educate itself on the intricate factual details and complex legal issues common to both suits on two occasions, in preparation for two separate trials.").  Nor would consolidation be prejudicial given the early stages of the proceedings. Consolidation will not prejudice any party, but will avoid duplicative efforts by both the parties and the Court.

11. By letter dated December 11, 2007, Elan raised with counsel for all of the defendants the possibility of consolidation and a joint scheduling order, and requested a telephone conference. None of the defendants has responded to that letter.

12. Elan respectfully requests that the Court consolidate these four actions for all purposes. Elan also requests a joint Rule 16 conference at which the parties can discuss with the Court a schedule for proceeding in these cases.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiffs*
  *Elan Corporation, plc and*
  *Elan Pharma International Ltd.*

January 2, 2008
1346373

## **RULE 7.1.1. CERTIFICATE**

Pursuant to D. Del. LR 7.1.1, counsel for plaintiffs certifies that the subject of this motion had been raised with counsel for all of the defendants by a letter dated December 11, 2007, but none of the defendants has responded to that letter.

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Thomas G. Whalen, Jr., Esquire
> STEVENS & LEE, P.C.
>
> Fredrick L. Cottrell III, Esquire
> RICHARDS, LAYTON & FINGER
>
> Andre G. Bouchard, Esquire
> David J. Margules, Esquire
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
>
> John C. Phillips, Jr., Esquire
> Brian E. Farnan, Esquire
> PHILLIPS, GOLDMAN & SPENCE, P.A.

I further certify that I caused to be served copies of the foregoing document on January 2, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Thomas G. Whalen, Jr., Esquire<br>STEVENS & LEE, P.C.<br>1105 North Market Street<br>7th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Fredrick L. Cottrell III, Esquire<br>Steven J. Fineman, Esquire<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Andre G. Bouchard, Esquire<br>David J. Margules, Esquire<br>BOUCHARD MARGULES & FRIEDLANDER, P.A.<br>222 Delaware Avenue<br>Suite 1400<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |

2

John C. Phillips, Jr., Esquire  *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire  *and HAND DELIVERY*
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE  1986

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)